## ROBERTS *v.* McMAHAN.

Where R. undertook to advance sufficient money to satisfy two judgments against M., and as security for such advance and twenty per cent. interest, it was arranged that R. should bid off the land under execution in his own name, and receive the rents therefrom, and when the rents received amounted to more than enough, to refund the money advanced and twenty per cent. interest: held that the transaction shows an intention to create and secure an indebtedness from R. to M., and that the sheriff's deed to R. should be regarded as a mortgage which was satisfied by the rents collected.

Oral evidence not admissible to contradict or vary a written instrument, but under the exception to this rule, it may be shown by extraneous proof that a deed, absolute on its face, was intended as a mortgage.

IN EQUITY.    *Appeal from Des Moines District Court.*

*Opinion by* GREENE, J.    Bill to set aside an execution sale. From the pleadings and evidence in the case, we regard the following facts as proved : In October, 1840, John Hargrave and wife, for the use of David Hendershot, recovered a judgment against the complainant, McMahan, for $110 16 ; and in October, 1841, Amos Ladd recovered a judgment against him for $116 62. In May, 1844, lot 364 in the city of Burlington was sold to Roberts to pay the judgment in favor of Ladd. Prior to the sale there was an agreement between McMahan and Roberts by which Roberts undertook to advance sufficient money to satisfy the Ladd and Hendershot judgments, and to take the title to the lot as security for the money advanced, and twenty per cent. interest. Roberts was to have immediate possession of the land and receive the rents and profits. In consideration of this agreement and the undertaking of Roberts to pay off both judgments, Hendershot, who stood ready to pay the amount of both judgments for the lots, was prevailed upon not to bid. After the sale, Roberts requested delay in the payment of the Hendershot judgment until he obtained the sheriff's deed. But after

Roberts *v.* McMahan.

obtaining the deed, he refused to pay the judgment, and refused to execute writings to McMahan to deed the lot on his payment of the money advanced. The rents and profits received by Roberts amounted to more than he had advanced in the purchase of the lot. On this state of facts the court below found for complainant; and the defendant now seeks to reverse the decree.

On a careful examination of the bill, answer and depositions, we can discover no good reason for disturbing the decree.

The entire transaction shows an intention to create and secure a debt from McMahan to Roberts. The purchase was made in Roberts' name, for the purpose of securing the debt. The deed under this contract amounted to nothing more than a mortgage. Roberts, as mortgagee and as trustee of McMahan, received full payment of his debts in the rents and profits collected by him from the mortgaged premises.

It is true, as insisted, that if we were to follow the deed alone in this case, we could not otherwise regard the transaction than as a *bona fide* sale. And it is equally true, as a general rule, that oral evidence is not admissible to contradict, vary or add to a written instrument. But in equity there are exceptions to this rule. To declare that to be a sale, which was really intended as a mortgage, is in equity a fraud so repugnant that it cannot be sanctioned under the most imposing and formal deeds of conveyance. To expose this fraud, and to advise the court of the true character of the contract, and the real intention of the parties, extraneous evidence is clearly admissible, both upon principle and authority.

The authorities upon this point are numerous. *Conway* v. *Alexander*, 7 Cranch., 238 ; *Prince* v. *Bearden*, 1 A. K. Marsh., 170; *Oldham* v. *Halley*, 2 J. J. Marsh., 112 ; *Whittick* v. *Kane*, 1 Paige, 202 ; *Taylor* v. *Luther*, 2 Sumner, 232 ; *Flagg* v. *Mann*, *ib.*, 538 ; 2 Halsted, 102 ; 6 Gill. and John., 275 ; 15 Conn., 575 ; *Wright* v. *Bates*, 13

Verm., 341; *Strong* v. *Glasgow*, 2 Mur., 289; *Russell* v. *Southard*, 12 Howard, 139.

The refusal of Roberts to pay off the Hendershot judgment, and to give McMahan an obligation to re-deed the lot agreeable to contract, and his avowed determination to convert that into an absolute sale which was intended by the parties to be nothing more than a security for a loan, were obviously fraudulent acts, which in equity justified the admission of oral evidence; and indeed rendered it necessary, in order to show the true state of the transaction.

We think the evidence in the case amply proves the facts as we have stated them, and shows further that the consideration paid by Roberts was grossly inadequate—not one-fifth of the real value. This gives weight to the conclusion that the relation of debtor and creditor was alone contemplated by the parties.

Decree affirmed.

*M. D. Browning*, for appellant.

*J. C. Hall* and *H. W. Starr*, for appellee.